IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHEKIR THOMAS** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **OFFICER TERRA,** *et al.,* | : | **NO. 22-4701** |
| *Defendants.* | : | |

## MEMORANDUM

PRATTER, J.                                                               MAY 2, 2023

Shekir Thomas is a state prisoner currently being housed at SCI Phoenix. He brought this action under 42 U.S.C. §1983 based on an incident that took place while he was in custody, naming three Department of Corrections officials as defendants. He now moves for an emergency preliminary injunction and temporary restraining order. For the following reasons, the Court denies this motion.

### BACKGROUND

Mr. Thomas alleges that, on November 2, 2022, he was in a hallway moving from the prison visiting room to the "C-Wing." Mr. Thomas was handcuffed with the handcuffs connected to a restraint belt, when, at the orders of Lieutenant T. Fondi, Officers Terra and Shepherd suddenly assaulted, sexually assaulted, and battered Mr. Thomas. He also alleges that he was denied medical care for the injuries he sustained.

Mr. Thomas filed this § 1983 action seeking damages in relation to this incident. His motion for injunctive relief describes the same incident, and requests the following relief: (1) that either he or the defendants be transferred to another prison; (2) that the defendants cease any retaliation against him; (3) that his mail to the Court be stamped by the Court upon receipt; (4) that

prison officials not issue him any more fake misconducts; and (5) that he be placed in an appropriate program for his mental health needs.

## LEGAL STANDARD

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *KOS Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (*quoting AT&T Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To decide whether such relief is warranted, courts carefully weigh four factors:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994) (citation omitted). If the first two "gateway" factors are not met by the movant, the Court need not address the third and fourth factors. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

In addition, because the purpose of a preliminary injunction is to preserve the status quo until the court renders a decision on the merits of the case, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Ball v. Famiglio*, 396 F. App'x 836, 837-38 (3d Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 489-90 (3d Cir. 2000) (affirming denial of injunction where harm complained of was "insufficiently related to the complaint"). A motion for preliminary injunction "is not an appropriate means by which to raise and litigate new claims, either against a named defendant or a third party." *Sides v. Wetzel*, No. 20-cv-1168, 2021 WL 1566415, at *2 (W.D. Pa. Mar. 8, 2021), *report and recommendation adopted*, 2021 WL 1216534 (W.D. Pa. Mar. 31, 2021).

## DISCUSSION

Much of the injunctive relief Mr. Thomas seeks relates to incidents that occurred after those forming the basis of his complaint. However, Mr. Thomas also asserts that prison officials have retaliated against him for filing his § 1983 suit and that they have issued him fake misconducts. These new claims cannot be raised for the first time in a motion for injunctive relief. *See Sides*, 2021 WL 1566415, at *2. Similarly, Mr. Thomas's requests that the Court stamp his mail and that he be placed in a mental health program are unrelated to any claim in his complaint. *See Ball*, 396 F. App'x at 837-38. If Mr. Thomas wishes to bring new claims related to these incidents, he must do so either by amending his complaint or filing a separate civil action.

Moreover, to the extent that Mr. Thomas seeks a transfer for either himself or the defendants, "the decision where to house inmates is at the core of prison administrators' expertise," *McKune v. Lile*, 536 U.S. 24, 39 (2002), and "courts have routinely held that prisoner-plaintiffs are not entitled to use a motion for injunctive relief as a vehicle to compel prison officials to provide them with specific relief and services pending completion of their lawsuits." *Kelly v. Merrill*, No. 14-cv-2322, 2014 WL 7740025, at *6 (M.D. Pa. Dec. 11, 2014), *report and recommendation adopted*, 2015 WL 438676 (M.D. Pa. Feb. 3, 2015).

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Thomas's motion for a preliminary injunction or temporary restraining order. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE